# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERALD D. BURTON,<br>    Plaintiff | Case No. 1:04-CV-368 |
| vs | Spiegel, J.; Hogan, M.J. |
| HAMILTON COUNTY JUVENILE<br>COURT,<br>    Defendant | **ORDER AND REPORT AND<br>RECOMMENDATION** |

    Plaintiff, a former employee of the Hamilton County Juvenile Court, brings this action pursuant to 42 U.S.C. § 2000e-2 alleging discrimination in employment. This matter is before the Court on defendant's motion for summary judgment (Doc. 30), plaintiff's memorandum in opposition thereto (Doc. 31), defendant's reply memorandum (Doc. 32), and defendant's motion for leave to file a supplemental memorandum in support of its motion for summary judgment (Doc. 33) to which plaintiff has not responded.

    For good cause shown, defendant's motion for leave to file a supplemental memorandum in support of its motion for summary judgment (Doc. 33) is **GRANTED**.

    A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and

*Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On January 31, 2000, plaintiff was hired as a Juvenile Corrections Officer at the Hamilton County Juvenile Court Youth Center. (Doc. 30, Exh. M, Harvey Reed Aff., ¶ 4). From the date of his hire until his termination on November 7, 2003, plaintiff worked as a Corrections Officer within the Housing Department and was assigned to Unit 301. *Id*. As a Juvenile Corrections Officer, plaintiff was primarily responsible for providing a safe, secure environment for residents, for monitoring residents to assure safety and well-being, and for maintaining the unit to which he was assigned and living areas in clean and orderly fashion through teaching skills and supervising residents on work details. *Id.,* Attachment 1.

In October 2003, plaintiff's housing unit participated in a cleaning contest and was awarded movie ticket booklets for the juvenile residents. Plaintiff was given the movie ticket booklets to hold for the residents until their release from the detention facility. Plaintiff was subsequently charged with improperly exchanging movie coupon books with several residents for items of lesser value. Plaintiff denies the charge as false. He was placed on administrative leave on October 31, 2003. A pre-disciplinary conference was held on November 4, 2003. Plaintiff was charged with an infraction involving failure of good behavior and malfeasance in that he was "found to have violated Court and Youth Center policy by failure to observe departmental rules and regulations, coercing residents for something of value, and engaging in an act of unfair dealings with several Youth Center residents." (Doc. 30, Exh. M, Harvey Reed Aff., Attachment 8). Superintendent Harvey Reed recommended to Hamilton County Juvenile Court Judges Sylvia Sieve Hendon and Thomas R. Lipps that plaintiff be terminated for failure

of good behavior and malfeasance in that he violated several personnel policies.  Plaintiff was removed effective November 7, 2003, by Entry of Judges Hendon and Lipps.

On February 24, 2004, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging his termination was the result of discrimination based on disability and retaliation. (Doc. 30, Exh. B, Bailey Aff., Attachment 1).  The EEOC dismissed plaintiff's charge on April 27, 2004. *Id.*, Attachment 2.  On April 19, 2004, plaintiff filed a second charge of discrimination, this time with the State of Ohio, Ohio Civil Rights Commission ("OCRC"). *Id.*, Attachment 3.  In the second charge of discrimination, plaintiff again alleged that his termination was the result of discrimination based on disability and retaliation, and also added a claim of sex discrimination. *Id*.  The OCRC did not investigate plaintiff's claims that he was discharged because of his disability and in retaliation for complaining that a co-worker made disparaging remarks about his physical appearance because those claims had already been investigated by the EEOC. *Id.*, Attachment 4.  The OCRC dismissed plaintiff's claim that he was discharged because of his sex. *Id*.  The EEOC adopted the OCRC's findings and issued a dismissal and notice of right to sue on the second charge on February 23, 2005. *Id.*, Attachment 5.

Plaintiff filed his original complaint in this matter on May 27, 2004.  The complaint named the "Hamilton County Juvenile Court" as the defendant. (Doc. 2).  In its answer, defendant asserted "the Hamilton County Juvenile court is not an entity capable of being sued, and . . . the proper party before the Court must be the Hamilton County Board of Commissioners." (Doc. 7).

Apparently agreeing with defendant's assertion as to the proper party defendant, plaintiff moved for leave to file an amended complaint stating that "the Hamilton County Juvenile Court

is not an entity capable of being sued, and the proper defendant before this Court should be the Hamilton County Board of Commissioners." (Doc. 16). On January 10, 2005, the Court granted plaintiff's motion to amend the complaint. (Doc. 18).

Plaintiff's amended complaint names as the defendant the Hamilton County Board of Commissioners and asserts the following claims:

> Termination–based on false allegations by employer–Hamilton County Juvenile Court.
> Harassment–based upon individual(s) against plaintiff by individuals in said employment Hamilton County Juvenile Court.
> Defamation of character–by employer/individuals Hamilton County Juvenile Court.
> Termination based upon gender discrimination.
> Retaliation by employer Hamilton County Juvenile Court for reporting policy discrepancies.

(Doc. 19). Plaintiff's amended complaint seeks monetary relief and to "clear [his] name and character as to continue my work in related field." (Doc. 19).

Defendant now argues in its motion for summary judgment that it is not the proper defendant because the Hamilton County Board of Commissioners had no relationship to the plaintiff, and was not responsible for hiring or firing plaintiff. Defendant also argues that no division accountable to defendant Hamilton County Board of Commissioners was involved in the events leading to plaintiff's termination.

The Court agrees that the Hamilton County Board of Commissioners is not the proper party defendant in this matter. The Ohio Revised Code governs the employment of juvenile court employees. The juvenile judge is empowered to appoint employees as are necessary, and to designate their titles and fix their duties, compensation, and expense allowances. Ohio Rev. Code § 2151.13. The juvenile judge appoints the superintendent of a county juvenile detention facility who in turn appoints all employees of the facility. Ohio Rev. Code § 2152.42.

Employees under this statute serve during the pleasure of the judge. Ohio Rev. Code § 2151.13.

There is no evidence showing defendant Hamilton County Board of Commissioners was responsible for or participated in plaintiff's termination. The record before the Court shows that Harvey Reed, the Superintendent of the Hamilton County Juvenile Court Youth Center, recommended plaintiff's termination based on plaintiff's alleged misconduct of violating the Ethics of Public Employment Policy of the Hamilton County Juvenile Court Youth Center. (Doc. 30, Exh. M). A pre-disciplinary conference was held at which it was determined that plaintiff should be removed from his duties at the Hamilton County Juvenile Court. Plaintiff's appeal to Juvenile Court Administrator Mark Reed was denied and management's recommendation for removal was granted. (Doc. 30, Exh. N). Plaintiff's employment was terminated at the direction of Juvenile Court Judges Hendon and Lipps by Entry dated November 7, 2003. (Doc. 30, Exh. G, Attachment 2). Thus, the Juvenile Court Judges of the Hamilton County Juvenile Court, and not defendant Hamilton County Board of Commissioners, were ultimately responsible for the termination of plaintiff's employment. Thus, the Hamilton County Board of Commissioners cannot be held liable for any of plaintiff's claims in this matter.

Defendant further contends that the Hamilton County Juvenile Court is also not a proper party defendant because it is a state court without an independent legal existence capable of being sued. While plaintiff's original complaint named the Hamilton County Juvenile Court as a defendant in this matter, his amended complaint did not. Plaintiff's amended complaint supersedes the original complaint, is the "legally operative complaint," and controls the case from that point forward. *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306-07 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001)(citing *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)). *See also Schmauch v.*

*Honda of America Mfg., Inc.*, 311 F. Supp.2d 631, 633 (S.D. Ohio 2003)(original complaint is in effect withdrawn as to all matters not restated in the amended complaint). Because the amended complaint supersedes the original complaint, the original complaint which names the Hamilton County Juvenile Court as a defendant is without legal effect. *Parry*, 236 F.3d at 306-07. Therefore, any claims plaintiff may have against the Hamilton County Juvenile Court are not properly before the Court. Nevertheless, even if the Court were to construe the amended complaint as against the Hamilton County Juvenile Court, the amended complaint could not withstand the motion for summary judgment.

Capacity to sue or be sued in the United States District Courts is governed by Rule 17, Fed. R. Civ. P. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). Thus, this Court must look to the law of the state of Ohio to determine whether the Hamilton County Juvenile Court is an entity capable of being sued.

The Ohio Supreme Court has concluded that Ohio courts are not *sui juris*. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County,* 45 Ohio St.2d 245, 248 (1976)(quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121 (1973)). Plaintiff has not cited any authority, nor is this Court aware of any, contrary to the Ohio Supreme Court's conclusion in *Malone*. Therefore, the Hamilton County Juvenile Court is not a legal entity capable of being sued. Thus, even if the amended complaint were construed to include the Juvenile Court as a defendant, the motion for summary judgment should be granted.

Since there is no viable defendant named in the amended complaint over which this Court has jurisdiction, the Court does not reach the merits of plaintiff's substantive claims in this

matter.

**IT IS THEREFORE RECOMMENDED THAT** defendant's motion for summary judgment be **GRANTED**.


Date:   12/5/2005             s/Timothy S. Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS**

**R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:04 cv 368

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X                              ☐ Agent  ☐ Addressee |
| | B. Received by ( Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Gerald Burton<br>961 Weller Ave<br>Hamilton, OH 45015 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)         ☐ Yes |
| 2. Article Number  (Transfer from service label)  7001 2510 0008 6348 2689 | |

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540